UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FLOYD MARTIN ET AL** | **CASE NO. 2:25-CV-01371** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCHOOL BOARD OF BEAUREGARD PARISH** | **MAGISTRATE JUDGE LEBLANC** |

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 4] filed under Federal Rule of Civil Procedure 12(b)(5) by defendant Beauregard Parish School Board ("BPSD"). Plaintiffs oppose the motion.

I.
BACKGROUND

This suit arises from BPSD's alleged deprivation of due process and failure to provide a public education to BAM, a minor student, during the 2024–2025 school year. Doc. 1. Plaintiffs allege as follows: BAM was removed at the beginning of the school year after he was charged with terrorizing the school. *Id.* at ¶ 3. In February 2025, he was adjudicated a delinquent on a charge of menacing and sentenced. *Id.* at ¶ 5. In September 2024, BAM's parents were informed that he could not return to school "until the outcome from court," though he was never formally suspended. *Id.* at ¶¶ 6–7. His parents asked about schoolwork, but BAM was not allowed computer access as a condition of his bond during most of this time and the school only sporadically provided paper assignments. *Id.* at ¶¶ 9–12. After his adjudication, the judge said that he was permitted to enroll in BPSD's

alternative school. *Id.* at ¶ 19. BPSD refused to allow this, however, and instead required that he un-enroll from the district in order to attend the state's virtual school program. *Id.* at ¶¶ 19–21.

BAM's parents, Floyd Martin and Denise Smith, filed suit on behalf of themselves and their son against BPSD in this court on September 13, 2025. On September 16, 2025, plaintiffs filed proof of service in which the process server declares that he personally served BPSD with the summons "at 50/50 Gas Station on 9-15-2025."[1] Doc. 3. The process server has also provided an affidavit, stating that he personally served an individual who identified herself as Heather "Nikki" Weldon, president of the Beauregard Parish School Board, at the 50/50 Gas Station in DeRidder, Louisiana, on September 15, 2025, "with a copy of [identify the document(s) served" [*sic*]. Doc. 6, att. 1. BPSD now moves for dismissal of this suit under Federal Rule of Civil Procedure 12(b)(5), asserting that neither the affidavit nor the service it purports to prove is adequate. Doc. 4. Plaintiffs oppose the motion. Doc. 6.

---

[1] The form, AO 440, provides five alternative options for completing service:
(1) "I personally served the summons on [defendant] at [place] . . . ."
(2) "I left the summons at the individual's residence or usual place of abode . . . ."
(3) "I served the summons on (name of individual), who is designated by law to accept service of process on behalf of (name of organization) . . . ."
(4) "I returned the summons unexecuted because . . . ." or
(5) "Other (specify)."
Plaintiffs' process server completed the first option, as described above. Under the third, he also wrote in and then crossed out the name "Heather Weldon." Doc. 3.

## II.
## LAW & APPLICATION

### A. Legal Standards

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

### B. Application

The ninety-day period under Rule 4(m) has not yet expired. Still, defendant maintains that this suit must be dismissed because the proofs of service provided by plaintiffs are inadequate. The applicable federal rule states:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Under Louisiana law, "in suits against school boards, citation shall be served on the president of the board and in his absence on the vice-president." La. R.S. § 17:510.

The statutes do not require that the school board president be served at a particular location. Taken together, the proof of service form and affidavit show that BPSD president Heather "Nikki" Weldon was validly served on September 15, 2025, when the process server located her at the 50/50 Gas Station in DeRidder, Louisiana.[2] The court thus finds no basis for extending the window for service, much less dismissing the suit.

---

[2] BPSD emphasizes that the affidavit fails to specify which documents were served on Ms. Weldon. But the AO Form 440 was also used to prove service in this matter, and is generally accepted as valid proof of service in this court despite its failure to specify whether a copy of the complaint was served along with the summons. Supra, note 1; see doc. 3. Accordingly, in the absence of any contrary evidence from defendants showing that Ms. Weldon did not receive a copy of the complaint, plaintiffs have met their burden.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 4] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of November, 2025.

                                      JAMES D. CAIN, JR.
                            UNITED STATES DISTRICT JUDGE